Hearing Date: January 27, 2011
Hearing Time: 10:30 a.m.
Location: 219 S. Dearborn St., Courtroom 8: 4
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | §     Chapter 7 | |
| | § | |
| YOO, ADRIAN ILWOO | §     Case No. 09-45482 | |
| | § | |
| Debtor | §     Hon. Jack B. Schmetterer | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Joseph A. Baldi, Trustee, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

                    Kenneth S. Gardner
                    Clerk of the U.S. Bankruptcy Court
                    219 S. Dearborn, 7th Floor
                    Chicago, Illinois  60604

    Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at :

                10:30 a.m.
                on January 27, 2011
                in Courtroom 8: 4, U.S. Courthouse
                219 S. Dearborn St., Chicago, IL

  If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____            By: Kenneth Gardner_____
                                                          Clerk of Bankruptcy Court

Joseph A. Baldi, Trustee
19 N LaSalle St. Suite 1500, Chicago, Illinois

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
§
YOO, ADRIAN ILWOO § Case No. 09-45482
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*              $

*and approved disbursements of*                   $

*leaving a balance on hand of*[1]                 $

Claims of secured creditors will be paid as follows:

*Claimant*                                        *Proposed Payment*
_____   $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

*Reason/Applicant*                    *Fees*           *Expenses*

*Trustee: Joseph A. Baldi, Trustee*   $_____    $_____

*Attorney for trustee: BALDI BERG &*
*WALLACE, LTD.*                       $_____    $_____

*Appraiser:*                          $_____    $_____

*Auctioneer:*                         $_____    $_____

*Accountant:*                         $_____    $_____

*Special Attorney for trustee:*       $_____    $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009) *(Page: 4)*

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Charges:* _____ | $_____ | $_____ |
| *Fees:* _____ | $_____ | $_____ |
| *Other:* _____ | $_____ | $_____ |
| *Other:* _____ | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Attorney for debtor:* _____ | $_____ | $_____ |
| *Attorney for:* _____ | $_____ | $_____ |
| *Accountant for:* _____ | $_____ | $_____ |
| *Appraiser for:* _____ | $_____ | $_____ |
| *Other:* _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000001 | DISCOVER BANK | $ | $ |
| 000002 | PYOD LLC its successors and assigns as assignee of | $ | $ |
| 000003 | Chase Bank USA, N.A. | $ | $ |
| 000004 | American Express Centurion Bank | $ | $ |
| 000005 | PYOD LLC | $ | $ |
| 000006 | Main Street Acquisition Corp. | $ | $ |
| 000007 | Fia Card Services, NA/Bank of America | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $         .

Prepared By: /s/_____
                    Joseph A. Baldi, Trustee

*Joseph A. Baldi, Trustee*
*Suite 1500*
*19 South LaSalle Street*
*Chicago, IL 60603*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.